**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50257 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-02044-H-1 |
| v. | |
| ROBERTO CARLOS MARQUEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted July 12, 2022[**]

Before:     SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Roberto Carlos Marquez appeals from the district court's judgment and

challenges the 87-month sentence imposed following his jury-trial conviction for

importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Marquez contends that the district court erred by denying his request for a minor role adjustment under U.S.S.G. § 3B1.2 because it failed to compare his culpability to that of other likely participants in the drug-smuggling operation.  We review the district court's interpretation of the Guidelines de novo, its factual findings for clear error, and its application of the Guidelines to the facts for abuse of discretion.  *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

Marquez's cursory request for a minor role adjustment before the district court failed to present any arguments regarding his relative culpability, and throughout the proceedings he provided little and inconsistent information about the offense.  On this record, we conclude that the district court did not err in denying a minor role adjustment because Marquez failed to meet his burden to demonstrate that he was "substantially less culpable than the average participant in the criminal activity."  U.S.S.G. § 3B1.2 cmt. n.3(A); *see also United States v. Diaz*, 884 F.3d 911, 914 (9th Cir. 2018) (defendant bears the burden of establishing entitlement to minor role adjustment); *id.* at 916 (relative culpability is determined by comparing defendant's involvement to that of "all likely participants in the criminal scheme for whom there is sufficient evidence of their existence and participation").

**AFFIRMED.**

21-50257